## Prudential Insurance Co. of America v. Miller

*H. O. Bechtel,* for plaintiff.

DALTON, J., March 24, 1941.—This is a bill in equity in which plaintiff prays that a certain policy of insurance issued by it and insuring the life of defendant be delivered up and canceled. No appearance or answer having been filed on the part of defendant, the prothonotary, on præcipe of counsel for plaintiff, on October 17, 1940, entered judgment pro confesso against defendant for failure to enter an appearance and failure to file an answer. The matter is now before us ex parte under Equity Rule 51 for the purpose of entering the appropriate final decree.

We are unable to do so, however, for the reason that plaintiff has overlooked the provisions of recent acts of Congress.

By virtue of the Army Reserve and Retired Personnel Service Law of August 27, 1940, 54 Stat. at L. 858, 860, c. 689, sec. 4, 50 U. S. C. §404, and the Selective Training and Service Act of September 16, 1940, 54 Stat. at L. 885, 895, c. 720, sec. 13, 50 U. S. C. §313, the benefits of the Soldiers' and Sailors' Civil Relief Act of March 8, 1918, 40 Stat. at L. 440, c. 20, sec. 100 et seq., 50 U. S. C. §101 et seq., were extended to all persons inducted into military service under the said acts of 1940.

Section 200 of the Soldiers' and Sailors' Civil Relief Act of 1918, c. 20, supra, provides in part:

"In any action or proceeding commenced in any court if there shall be a default of an appearance by the defendant the plaintiff before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require as a condition before judgment is entered that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court

may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act."

The same provision was reënacted by the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, sec. 200, subsec. 1.

No affidavit as required by the above-quoted acts has been filed in this action, nor has any of the procedural steps therein prescribed been followed. The said acts, therefore, forbid us to enter the decree pro confesso prayed for until their requirements have been fulfilled. This is especially true in the instant case, where it appears that defendant is a young man 24 years of age.

The record will be remitted to the office of the prothonotary for such further action, if any, as counsel may deem fit.

And now, March 24, 1941, the record is remitted to the office of the prothonotary.